1
2
3
4
5
6
7 IN THE UNITED STATES DISTRICT COURT

8 FOR THE NORTHERN DISTRICT OF CALIFORNIA

9

10 RAYMOND K. REVIERE, J-10293,      )
                                    )
11          Plaintiff(s),           )      No. C 12-6534 CRB (PR)
                                    )
12     vs.                          )      ORDER OF DISMISSAL
                                    )
13 LESLIE B. FLEMING, et al.,       )
                                    )
14          Defendant(s).           )
   _____ )

15

16          Plaintiff, a prisoner at Los Angeles County State Prison, has filed a pro se

17 complaint under 42 U.S.C. § 1983 alleging various wrongdoing in connection

18 with the post-conviction review of his 1998 state criminal conviction.

19                              **DISCUSSION**

20 A.     Standard of Review

21          Federal courts must engage in a preliminary screening of cases in which

22 prisoners seek redress from a governmental entity or officer or employee of a

23 governmental entity.  28 U.S.C. § 1915A(a).  The court must identify cognizable

24 claims or dismiss the complaint, or any portion of the complaint, if the complaint

25 "is frivolous, malicious, or fails to state a claim upon which relief may be

26 granted," or "seeks monetary relief from a defendant who is immune from such

27 relief."  Id. § 1915A(b).  Pro se pleadings must be liberally construed.  Balistreri

28 v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).

B.    <u>Legal Claims</u>

Plaintiff alleges that in 1999, during the direct appeal of his 1998 state criminal conviction in the California Court of Appeal, Leslie B. Fleming, the assigned state deputy attorney general, Manuel A. Ramirez, Thomas E. Hollenhorst and James D. Ward, the assigned state appellate justices, and Jeffrey D. Schwartz, his appellate defense attorney, supplanted and conspired to supplant the record of the March 24, 1993 plea hearing with the record of the March 29, 1993 sentencing hearing in order to deny plaintiff judicial review of the validity of his guilty pleas.

Plaintiff next alleges that in 2000, during the review of his federal petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Central District of California, Judge Robert J. Timlin ignored the state appellate court's supplanting of the record of the March 24, 1993 plea hearing with the record of the March 29, 1993 sentencing hearing and thereby joined the conspiracy to deny plaintiff judicial review of the validity of his guilty pleas. Plaintiff also alleges that Judge Timlin improperly denied his federal habeas petition as time-barred.

Plaintiff finally alleges that in 2012, during the review of his state habeas petition in San Bernardino County Superior Court claiming that Fleming, Ramirez, Hollenhorst, Ward and Schwartz supplanted and conspired to supplant the record of the March 24, 1993 plea hearing with the record of the March 29, 1993 sentencing hearing, Judge Kyle S. Brodie ignored the aforementioned

2

wrongdoing and thereby joined the conspiracy to deny plaintiff judicial review of the validity of his guilty pleas. Plaintiff also alleges that Judge Brodie improperly denied his state habeas petition as time-barred.

Plaintiff's claims regarding the alleged wrong-doing in connection with his 1999 direct appeal and with his 2000 federal habeas proceedings are time-barred. The appropriate limitation period for a § 1983 action (as well as a § 1985 conspiracy action) is that of the forum state's statute of limitation for personal injury torts. See Wilson v. Garcia, 471 U.S. 261, 276 (1985); Elliott v. City of Union City, 25 F.3d 800, 802 (9th Cir. 1994). In California, the general residual statute of limitation for personal injury actions is the two-year period set forth at California Civil Procedure Code § 335.1 and is the applicable statute in § 1983 actions. See Maldonado v. Harris, 370 F.3d 945, 954 (9th Cir. 2004). The court also must give effect to a state's tolling provisions. See Hardin v. Straub, 490 U.S. 536, 543-44 (1989); Marks v. Parra, 785 F.2d 1419, 1419-20 (9th Cir. 1986). California Civil Procedure Code section 352.1 tolls the statute of limitation when a person is "imprisoned on a criminal charge, or in execution under the sentence of a criminal court for a term of less than for life." See Cal. Civ. Proc. Code § 352.1(a). The tolling is not indefinite, however; the disability of imprisonment delays the accrual of the cause of action for a maximum of two years. See id. Thus, an inmate has four years to bring a § 1983 claim in California, i.e., the regular two year period under section 335.1 plus two years during which accrual was postponed due to the disability of imprisonment.[1]

---

[1]Although, when read literally, section 352.1 tolls the statute of limitations only for persons who are serving terms of imprisonment less than for life, California courts have held that a prisoner serving a life sentence is entitled to the tolling benefit of section 352.1 (formerly section 352(a)(3)). See Grasso v. McDonough Power Equip., 264 Cal. App. 2d 597, 601 (1968). A prisoner

1    Plaintiff's claims regarding the alleged wrong-doing in connection with his

2    1999 direct appeal and with his 2000 federal habeas proceedings are time-barred

3    by the applicable four-year limitation period because the instant action was not

4    filed until December 27, 2012.  These claims accordingly are dismissed.  <u>See</u>

5    <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1228-30 (9th Cir. 1984) (sua sponte

6    dismissing claims as time-barred under 28 U.S.C. § 1915 where, as here, defense

7    is complete and obvious from face of complaint and attachments or court's own

8    records).

9    Plaintiff's assertion of a continuing conspiracy does not compel a different

10   result.  There is no indication whatsoever that Judge Timlin had a meeting of the

11   minds with the 1999 defendants in 2000, much less that Judge Brodie had a

12   meeting of the minds with the 1999 defendants and/or Judge Timlin in 2012.  The

13   decisions of Judge Timlin in 2000 and Judge Brodie in 2012 do not stem from a

14   continuing conspiracy, policy or practice, but rather from individualized actions

15   or decisions best characterized as discrete acts.  <u>Cf.</u>  <u>Cherosky v. Henderson</u>, 330

16   F.3d 1243, 1247, 1248 (9th Cir. 2003) (holding that plaintiffs' allegation that

17   discrete acts, which fell outside the limitations period, were undertaken pursuant

18   to a discriminatory policy that continued to be implemented within the limitation

19   period does not extend the limitation period as to the time-barred acts).

20   To be sure, plaintiff's claim regarding the alleged wrongdoing by Judge

21   Brodie in connection with his 2012 state habeas proceedings is not time-barred.

22   But the claim must be dismissed because it is well established that a state judge is

23   absolutely immune from suit for damages for acts performed in his judicial

24

25

26   serving a life sentence with the possibility of parole therefore is entitled to
     California's tolling of the statute of limitations.  <u>See</u> <u>Martinez v. Gomez</u>, 137 F.3d

27   1124, 1125-26 (9th Cir. 1998) (following <u>Grasso</u>).

28                                    4

capacity.  <u>See</u> <u>Pierson v. Ray</u>, 386 U.S. 547, 553-55 (1967) (applying judicial immunity to actions under § 1983).  And neither injunctive nor declaratory relief is in order for what amounts to no more than a disagreement with Judge Brodie's state court ruling.  <u>See</u> 42 U.S.C. § 1983 ("in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable"); <u>see also</u> <u>Wilton v. Seven Falls Co.</u>, 515 U.S. 277, 282 (1995) (declaratory relief discretionary, even when suit otherwise satisfies subject matter jurisdictional prerequisites).

## CONCLUSION

For the foregoing reasons, the complaint is DISMISSED for failure to state claim under the authority of 28 U.S.C. § 1915A(b).

The clerk shall enter judgment in accordance with this order, terminate all pending motions as moot, and close the file.

The court also certifies that an appeal from this order of dismissal would be frivolous and not taken in good faith.  <u>See</u> 28 U.S.C. § 1915(a)(3).

SO ORDERED.

DATED:  <u>April 22, 2013</u>                    _____
                                                                CHARLES R. BREYER
                                                                United States District Judge

G:\PRO-SE\CRB\CR.12\Reviere, R.12-6534.dismissal.wpd

5